IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| PHILLIP F.W. BEAZER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CV 123-126 |
| RICHMOND COUNTY CONSTRUCTORS LLC, | * | |
| | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Defendant's motion to dismiss. (Doc. 12.) For the following reasons, Defendant's motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff is a former employee of Defendant. (Doc. 5, at 20.) Plaintiff filed his complaint on September 5, 2023, and later amended his complaint, pursuant to the Court's September 8, 2023 Order, on September 20, 2023. (Docs. 1, 4, 5.) Plaintiff brings a claim of retaliation against Defendant pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). (Doc. 5, at 4-5.) Prior to filing his complaint, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), which issued Plaintiff a right-to-sue letter on June 1, 2023. (Id. at 21.) The right-to-sue letter indicates that Plaintiff must file his

lawsuit within ninety days of his receipt of the notice. (Id.) Plaintiff alleges he received this letter on June 2, 2023. (Id. at 7.)

Defendant subsequently moved to dismiss Plaintiff's complaint as untimely. (Doc. 12.) Plaintiff has made several filings in response to Defendant's motion.[1] (Docs. 21, 24, 26, 28, 29, 30.)

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-

---

[1] The purpose of one of Plaintiff's filings (Doc. 29) is not clear. Defendant moved to strike this filing if the Court interprets it as either a motion to amend or a motion for summary judgment. (Doc. 31, at 2.) Plaintiff's response offers little aid in determining the purpose of this filing but suggests the filing is not a motion but simply evidence in support of his claim. (Doc. 32, at 1.) Whatever its purpose, this filing does not resolve the dispositive timeliness issue. (See Doc. 29.) Because the Court finds Plaintiff's complaint untimely and Defendant's motion to dismiss is granted for this reason, the Court declines to further decipher this filing's purpose and Defendant's motion to strike (Doc. 31) is **DENIED AS MOOT**.

2

unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-79. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6) as untimely. (Doc. 12, at 1, 3.) An action brought under Title VII must be filed within 90 days of the receipt of the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1614.407(a); Stallworth v. Wells Fargo Armored Servs. Corp., 936 F.2d 522, 524 (11th Cir. 1991) (citation omitted). This ninety-

3

day limitation period begins to run upon the claimant's actual receipt of the EEOC decision letter. See Zillyette v. Cap. One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999) ("[S]tatutory notification is complete only upon actual receipt of the suit letter." (citation omitted)). Filing within the ninety-day period is a condition precedent subject to equitable tolling or waiver, rather than a jurisdictional bar. Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518, 1525-26 (11th Cir. 1983). Once the defendant contests whether the plaintiff filed his complaint within ninety days of receipt of the EEOC's right-to-sue notice, "the plaintiff has the burden of establishing that he met the ninety[-]day filing requirement." Green v. Union Foundry Co., 281 F.3d 1229, 1234 (11th Cir. 2002) (citation omitted).

Plaintiff received his right-to-sue letter on June 2, 2023. (Doc. 5, at 7.) Thus, ninety days ran on August 31, 2023. Plaintiff's original complaint was filed on September 5, 2023. (Doc. 1.) Plaintiff contends, and Defendant does not dispute, that he mailed his complaint on August 29, 2023 – two days before the deadline – with next day delivery, but because of a hurricane coming through Georgia, the Carolinas, and Virginia, there was a delay in delivery. (Doc. 24, at 1.) However, because the original complaint was not received and docketed by the Clerk's office until September 5, 2023, ninety-five days after Plaintiff's date of receipt of the EEOC letter, Plaintiff's complaint is untimely.

4

See Strickland v. Wayne Farms-Southland Hatchery, 132 F. Supp. 2d 1331, 1333 (M.D. Ala. 2001) ("A civil action is instituted only by 'filing a complaint with the court.'" (quoting FED. R. CIV. P. 3)); see also Davis v. Gates, 1:09-CV-1325, 2009 WL 10664833, at *3 (N.D. Ga. Oct. 19, 2009) (finding *pro se* plaintiff's complaint untimely despite plaintiff's allegation that she had taken the complaint to a post office and mailed it to the court via first class mail three days prior to the filing deadline because the complaint "was filed when it was received by the clerk's office . . . two days after the ninety[-]day filing deadline had passed"), *report and recommendation adopted*, 1:09-cv-1325, 2009 WL 10664962 (N.D. Ga. Nov. 19, 2009); Rodgers v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) ("[A] complaint is 'filed' for statute of limitations purposes when it is 'in the actual or constructive possession of the clerk . . . .'" (citations omitted)).

In Strickland, the court faced a similar set of facts and held the filing of a complaint takes place when it is received by the clerk of court, not when the complaint is mailed. 132 F. Supp. 2d at 1333. There, the plaintiff represented he mailed the complaint three days before the ninety-day filing period ended and that mail from his office usually reached the federal courthouse in two days. Id. at 1332. The court held the plaintiff's claim was time-barred and the plaintiff was "required to assume some

5

minimum responsibility . . . for an orderly and expeditious resolution of h[is] dispute." Id. at 1333 (citation omitted).

But, as stated above, filing within the ninety-day period is subject to equitable tolling. Fouche, 713 F.2d at 1525-26. Courts apply equitable tolling sparingly because it is an "extraordinary remedy." Chang v. Carnival Corp., 839 F.3d 993, 996 (11th Cir. 2016) (per curiam) (citation omitted). As the Supreme Court recognized, federal courts "have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990) (citations omitted). To prove equitable tolling in a discrimination lawsuit, the party seeking tolling must prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016) (en banc) (quoting Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 256 (2016)). As the Eleventh Circuit explained, "the interests of justice on which a tardy plaintiff relies do not support a plaintiff who has 'not file[d] h[is] action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is

6

running.'"  See Chang, 839 F.3d at 996 (first alteration in original) (citation omitted).  It is Plaintiff's burden to show equitable tolling is warranted.  Id. (citation omitted).

Here, Plaintiff, while not explicitly arguing for equitable tolling by the Court, presents two reasons for his failure to comply with the ninety-day filing requirement: (1) a hurricane prevented his mailed complaint from reaching the Court by the deadline; and (2) Plaintiff's efforts to retain counsel caused him to wait until the end of the filing period to submit his complaint. (Doc. 24, at 1; Doc. 28, at 1-2.)  The Court finds equitable tolling inappropriate because Plaintiff's reasons for delay are "at best . . . garden variety claim[s] of excusable neglect" by Plaintiff and do not amount to circumstances that were truly beyond his control.  Bryant v. U.S. Dep't of Agric., 967 F.2d 501, 504 (11th Cir. 1992) (quoting Irwin, 498 U.S. at 96).

First, Plaintiff represents he mailed his complaint on August 29, 2023, but a hurricane prevented his filings from arriving at the Court until September 5, 2023.  (Doc. 24, at 1.)  As explained in Strickland, "[w]hen counsel elects to file his complaint near the end of the statute of limitations, and to rely on the postal service in delivering the same, he runs the risk of untimely filing."  132 F. Supp. 2d at 1333 (citations omitted).  Second, in response to Defendant's contention that "Plaintiff does not provide any explanation of why he waited until the last minute,"

7

Plaintiff asserts he was delayed because he was working with an attorney on this case. (Doc 27, at 2; Doc. 28, at 1-2.) Plaintiff states he contacted an attorney within a week of receiving his right-to-sue letter, and, despite Plaintiff's efforts to follow up with the attorney, the attorney did not let Plaintiff know he could not take the case until a few days before the deadline ran. (Doc. 28, at 1-2.) However, Plaintiff's "efforts to obtain legal representation are likewise insufficient to permit equitable tolling." Portis v. World Omni Fin., No. CIV.A. 00-0047, 2000 WL 726220, at *3 (S.D. Ala. May 16, 2000). "A plaintiff is not required to prosecute a lawsuit with counsel but may proceed pro se, and the lack of legal representation does not trigger equitable tolling." Id. (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991); Raziano v. United States, 999 F.2d 1539, 1541 (11th Cir. 1993)). Plaintiff understood the time for filing his lawsuit was running while he was waiting to hear back from potential counsel. Furthermore, Plaintiff does not allege misconduct by opposing counsel, or even his own potential counsel, induced or tricked him into delaying the filing of his claim such that tolling would apply. See Irwin, 498 U.S. at 96. Plaintiff's *pro se* status does not alter the analysis. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (explaining a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow). Indeed, in the context of the ninety-day

8

filing period, the Supreme Court clarified "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984); see also Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997) (refusing to apply equitable tolling based on the plaintiff's *pro se* status). For these reasons, the Court finds equitable tolling does not apply and Plaintiff's complaint is therefore untimely.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 12) is **GRANTED** and this matter is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of May, 2024.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```